**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\qquad$ *Plaintiff-Appellee,*

v.

FREEMAN LOWELL CLARK,
$\qquad$ *Defendant-Appellant.*

No. 02-4126

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-00-94)

Submitted: September 30, 2002

Decided: October 21, 2002

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mark B. Sandground, Sr., Brian D. West, SANDGROUND, WEST & NEW, P.C., Vienna, Virginia, for Appellant. John L. Brownlee, United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Freeman Clark appeals his conviction by a jury of 266 counts of illegal distribution by wrongfully prescribing Schedule II and III controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D) (2000). Finding no error, we affirm.

Clark argues that the district court erred in admitting the expert testimony of a physician concerning whether the prescriptions in question were issued for a valid medical purpose. Clark did not object to the admission of the testimony in question; therefore, we review the district court's decision to allow the testimony for plain error. To find plain error, we must find "that an error occurred, that the error was plain, and that the error affected [Clark's] substantial rights." *United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)), *cert. denied*, ___ U.S. ___, 122 S. Ct. 2296 (2002).

Review of a district court's decision to admit expert testimony is for an abuse of discretion. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Before allowing expert testimony, the district court must determine that the testimony is both reliable, or scientifically valid; and relevant, that it will assist the trier of fact in understanding or determining a fact in issue in the case. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993); *United States v. Barnette*, 211 F.3d 803, 815-16 (4th Cir. 2000).

Our review of the record convinces us that the district court did not err in admitting the physician's testimony. The witness, who was engaged in a medical practice similar to that of Clark, established his qualifications, training, experience, and knowledge in the field of general medical practice. His testimony was based upon a review of Clark's patient files and included his explanation for his conclusion that the majority of prescriptions were not issued for a legitimate medical purpose. We conclude that the physician's testimony was both scientifically valid and helpful to the jury. Finally, Clark's arguments on appeal are more properly addressed to the weight of this testimony, not to its admissibility in the first instance. The district court

did not commit plain error in its decision to allow the expert testimony of the government's witness.

Clark also argues that the evidence was insufficient to establish his guilt. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

In order to convict a licensed physician of a violation of § 841(a), the government must establish that the defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, that the defendant knew the substances were controlled substances, and that the prescription of these substances was done outside the bounds of professional medical practice. *See United States v. Tran Trong Cuong*, 18 F.3d 1132, 1137 (4th Cir. 1994) (citing *United States v. Moore*, 423 U.S. 122 (1975)). On appeal Clark does not contest that he prescribed the substances alleged in the indictment or that he knew these substances were controlled substances under the law. Our review of the record convinces us that the evidence was sufficient to prove that Clark's practice of repeatedly prescribing significant amounts of narcotic pain medications for the patients in question was outside the bounds of legitimate medical practice.

We therefore affirm Clark's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*